43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ladio A. ORTIZ, Defendant-Appellant.
 No. 94-30177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ladio A. Ortiz appeals his conviction following the entry of a conditional guilty plea for possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Ortiz contends that the district court erred in denying his motion to suppress evidence seized during his arrest because: (1) law enforcement officers lacked the authority to arrest him so there was no search incident to a lawful arrest; and (2) the seizure of evidence was not justified by any other exception to the warrant requirement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's decision on a motion to suppress de novo and the district court's factual findings for clear error. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). Whether state officials have the authority to arrest a suspect on state charges is determined by state law. United States v. Mota, 982 F.2d 1384, 1388 (9th Cir.1993). Under Washington law, a law enforcement officer may execute a custodial arrest for driving without a valid driver's license only if other reasonable grounds exist to justify an arrest. See State v. Reding, 835 P.2d 1019, 1024 (Wash.1992); State v. Jordan, 747 P.2d 1096, 1098 (Wash.Ct.App.1987) (finding valid arrest where defendant drove without valid driver's license, lacked other identification, and did not own vehicle), review denied, 110 Wash.2d 1027 (1988); State v. McIntosh, 712 P.2d 319, 321-22 (Wash.Ct.App.) (same), review denied, 105 Wash.2d 1015 (1986). A Washington state officer may arrest a defendant for driving without a valid driver's license if the officer has reasonable grounds to believe that the defendant will fail to appear in court. State v. Terrazas, 863 P.2d 75, 77 (WashCt.App.1993) (explaining that officer may arrest defendant only if facts suggest defendant will not appear if cited and released), review denied, 877 P.2d 645 (Wash.1994).
 
 
 4
 Ortiz contends that the Washington State Patrol lacked the authority to arrest him for driving without a valid driver's license because the arresting officer believed that Ortiz would appear in court. This contention lacks merit.
 
 
 5
 The district court's factual findings concerning the reasonableness of Ortiz's arrest are not clearly erroneous. See Becker, 23 F.3d at 1539. At the suppression hearing, the arresting officer, Trooper Williams, testified that Ortiz did not possess a driver's license or any other identification. Upon questioning, Ortiz could not provide his street address or a social security number. Trooper Williams was also unable to identify Ortiz by running a driver's check on him. In addition, the vehicle Ortiz was driving was registered to someone else. Under these circumstances, Trooper Williams could reasonably believe that Ortiz would fail to appear if Williams were to cite and release Ortiz. See Terrazas, 863 P.2d at 77; Jordan, 747 P.2d at 1098. Accordingly, Trooper Williams possessed the authority to arrest Ortiz so that Ortiz's arrest was valid. See Terrazas, 863 P.2d at 77; Jordan, 747 P.2d at 1098.[1]
 
 
 6
 Ortiz also contends that the search and seizure of evidence could not be valid either under the plain view doctrine or as an inventory search. Since the search was valid pursuant to Ortiz's arrest, we need not consider Ortiz's additional arguments. Accordingly, the district court properly denied Ortiz's motion to suppress evidence. See Becker, 23 F.3d at 1539.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ortiz only contends that the fruits of any search must be suppressed because his arrest was unlawful. He has not challenged the propriety of the search incident to arrest. See New York v. Belton, 453 U.S. 454, 460 (1981) (holding that when law enforcement officer makes lawful custodial arrest of automobile's occupant, officer may search passenger compartment of automobile as contemporaneous incident of arrest)